In re WESTCOTT.

(Supreme Court, Appellate Division, First Department.    December 30, 1915.)

ATTORNEY AND CLIENT ⬤⟿44—OFFENSES—DISBARMENT.

> Where an attorney engaged to defend a proceeding for the deportation of his client as an undesirable alien, secured money from the client to be used in procuring bail, and then converted the funds, and thereafter representing to the client's friend that the client was unable to obtain an attorney's fee, secured a fee from her, the attorney was guilty of professional misconduct requiring disbarment, though he claimed that the $3,000 was paid as a fee, and under pressure of a possible prosecution returned a portion of it.

> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⬤⟿44.]

In the matter of James H. Westcott, an attorney. Application on report of the official referee upon charges against respondent for professional misconduct.    Respondent disbarred.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City (Herbert C. Lakin, of New York City, of counsel), for petitioner.

James H. Westcott, of New York City, pro se.

PER CURIAM.    The respondent, who has been a member of the bar for some 15 years, was charged by the Association of the Bar of the City of New York with misconduct in his office as an attorney and counselor at law, in that on December 30, 1911, a client, named De Gurrowski, engaged the respondent to act as his attorney in a deportation proceeding in which the client was charged with being an undesirable alien, and on these charges was being detained at Ellis Island in New York Harbor, and threatened with deportation; that on January 9, 1912, at the respondent's request, the said De Gurrowski delivered to him $3,000 in cash to be used in procuring bail and $75 in cash to cover expenses which the respondent represented would be incident to the procuring of bail, and which he then agreed to apply to such purpose, but that, instead of so applying it, he converted the whole sum of $3,075 to his own use.

The second charge is that within a few days after his retainer the respondent went to a friend of his client, concealed from her the fact that his client had made payment to him, and falsely represented to her that his client was unable to pay a counsel fee, and that on the following day this friend, in compliance with respondent's request and acting on his representation, paid to respondent $1,000 as respondent's counsel fee, and that the respondent concealed the payment of this sum by the friend from his client.    The main facts of the charge the respondent admits, except that he says that the $3,000 was paid to him by way of counsel fee, and not for the purpose of procuring bail, and that it was agreed between himself and his client that the money should be retained by him as counsel fee.    This story the official referee rejects, and properly so, upon the evidence before him.

Without attempting to detail that evidence in extenso, it is quite evident that the money was paid to respondent for the purpose alleged in the charges, that he undertook to apply it for that purpose, that he did not do so, and that he converted it to his own uses against the wishes and intentions of his client. That this client appears to have been a person of doubtful character is quite true, but that is no reason why he should be robbed of his money, nor is it any answer to this application that later on, under a pressure of possible prosecution, the respondent repaid to his client a portion of the money which he had converted. That circumstance simply serves to establish the fact, well established by the evidence, that the amount which he retained was exorbitant and was extorted from his client against his will. Evidently the respondent thought that, as his client was compelled to go abroad and was resting under serious charges, he could safely make away with the money and not be brought to account for it. The referee finds, and we entirely concur with his findings, that the respondent has been guilty of serious dereliction of duty in his office as an attorney and counselor at law, of a character which demonstrates his unfitness to remain a member of the bar.

He is therefore disbarred. Settle order on notice.